**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| CSR plc,<br><br>  Plaintiff,<br><br>v.<br><br>BROADCOM CORP.,<br><br>  Defendant. | C.A. No. 10-876-SLR |

**RULE 16 SCHEDULING ORDER**

At Wilmington this 6th day of December 2010, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by **February 1, 2011** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

    (a) The issues of willfulness and damages shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise.

    (b) Discovery will be needed on the following subjects: patent validity, infringement, damages, and entitlement to an injunction.

    (c) All fact discovery shall be commenced in time to be completed by **December 16, 2011**.

        (1) Discovery of paper and electronic documents ("e-discovery") shall be completed on or before **July 1, 2011**. E-discovery shall be limited to the initial

custodians identified through the D. Del. 16.1(a) meeting; (ii) e-discovery shall be limited to a term of **ten (10)** years; (iii) on or before **May 27, 2011**, each party may request e-discovery of additional custodians or for additional years, for good cause shown; and (iv) no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6) shall be scheduled prior to the completion of e-discovery.

    (2) Maximum of **75** interrogatories by each party to any other party.

    (3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    (4) Maximum of **175** requests for admission by each party to any other party, with unlimited interrogatories directed to authentication of documents.

    (5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

    (6) Maximum of **16** fact depositions by plaintiff(s) and **16** by defendant(s). Each fact deposition limited to a maximum of **7 hours** unless extended by agreement of parties.

    (d) Expert discovery shall be commenced in time to be completed by **April 20, 2012**.

    (1) Expert reports on issues for which the parties have the burden of proof due **February 10, 2012**. Rebuttal expert reports due **March 23, 2012**.

    (2) Expert depositions to be limited to a maximum of **7 hours** unless extended by agreement of the parties.

    (3) All Daubert motions shall be filed on or before **July 27, 2012**.

  (e) Supplementations under Rule 26(e) due **June 29, 2012**.

  (f) **Discovery Disputes.**  Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge to regulate all proceedings and take all measures necessary to manage discovery, conduct hearings on discovery disputes and rule on same.  Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement and/or discovery on the issues related to secondary considerations of obviousness.

  (g) **Fact Witnesses to be Called at Trial.**  Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the

aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before **October 7, 2011**.

4. **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for purposes of exploring ADR.

5. **Claim Construction Issue Identification.**  If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms **September 23, 2011**.  This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions.**  All summary judgment motions shall be served and filed with an opening brief on or before **July 27, 2012**. Briefing shall be pursuant to D. Del. LR 7.1.2.  No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

7. **Claim Construction.**  Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on **February 28, 2012**, with the claim chart separately docketed.  The parties will file

simultaneous opening claim construction briefs on **April 20, 2012**.  Simultaneous response briefs should be filed by **May 25, 2012**.  Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s).  The hearing on the claim construction and motion(s) for summary judgment will be heard on **August 3, 2012** at **10:00 am**.

8. **Applications by Motion.**  Any application to the court shall be by written motion filed with the clerk.  **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

(a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov.  The email shall provide a short statement describing the emergency.  NO ATTACHMENTS shall be submitted in connection with said emails.

9. **Motions in Limine.  No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.**  A pretrial conference will be held on **October 1, 2012** at **4:30pm** in courtroom 4B, fourth floor Federal Building, 844 King Street,

Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.    **Trial.**  This matter is scheduled for a **7 day jury** trial commencing on **November 5, 2012** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge