## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CSR plc, | |
| Plaintiff, | C.A. No. 10-cv-876-SLR |
| v. | |
| BROADCOM CORP., | |
| Defendant. | |

## REPLY BRIEF
## IN SUPPORT OF MOTION TO TRANSFER VENUE

*Of Counsel:*

William F. Lee
Nathan R. Speed
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

David B. Bassett
David A. Manspeizer
Brian A. Sutherland
Nicole E. Feit
Martin Gilmore
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

Dated: December 8, 2010

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Stephen M. Ferguson (#5167)
Ferguson@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
*Attorneys for Defendant Broadcom Corp.*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................ ii

I.      INTRODUCTION ........................................................................................... 1

II.     ARGUMENT .................................................................................................. 2

        A.      Plaintiff's Choice Of Forum Is Entitled To Little Deference ................................. 2

        B.      Plaintiff Fails To Rebut Broadcom's Showing That Transfer Of This Case
                To The Central District Of California Would Promote Judicial Economy ............. 4

                1.      Transfer to the Central District of California would preserve
                        judicial resources ................................................................................. 4

                2.      The Central District of California has a strong interest in resolving
                        this dispute ........................................................................................... 6

                3.      The "first-filed" doctrine has no relevance to this motion ......................... 7

        C.      Plaintiff Fails To Rebut Broadcom's Showing That The Private Interest
                Factors Favor Transfer To The Central District Of California ............................... 7

                1.      Large companies are eligible for relief under Section 1404(a) ................... 7

                2.      The location of witnesses and documents weighs in favor of
                        transfer ................................................................................................. 8

III.    CONCLUSION .............................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Ace Capital v. Varadam Foundation,*
   392 F. Supp. 2d 671 (D. Del. 2005)...................................................................... 6

*Boram Pharm. Co. v. Life Techs. Corp.,*
   No. 10-31, 2010 WL 2802727 (D. Del. July 14, 2010) .............................................. 3

*Brown ex rel. FoxMeyer Drug Co. v. C.D. Smith Drug Co.,*
   No. 98-494-SLR, 1999 WL 709992 (D. Del. 1999) ................................................. 9

*Chazen v. Deloitte & Touche, LLP,*
   247 F. Supp. 2d 1259 (N.D. Ala. 2003)................................................................ 9

*Cisco Systems Inc. v. GPNE Corp.,*
   No. 07-671-SLR, 2008 WL 1758866 (D. Del. Apr. 17, 2008)..................................... 8

*Continental Cas. Co. v. American Home Assurance Co.,*
   61 F. Supp. 2d 128 (D. Del. 1999)...................................................................... 6

*E.E.O.C. v. Univ. of Pennsylvania,*
   850 F.2d 969 (3d Cir. 1988)............................................................................. 7

*Fuzzysharp Techs., Inc. v. Nvidia Corp.,*
   No. 09-872-SLR, 2010 WL 1375409 (D. Del. Apr. 6, 2010) ...................................... 4

*Gulf Oil Corp. v. Gilbert,*
   330 U.S. 501 (1947)...................................................................................... 9

*Illumina, Inc. v. Complete Genomics, Inc.,*
   No. 10-649-RFK, 2010 WL 4818083 (D. Del. Nov. 9, 2010)................................. 8, 9

*Intel Corp. v. AmberWave Systems Corp.,*
   233 F.R.D. 416 (D. Del. 2005) ......................................................................... 4

*Intel Corp. v. Broadcom Corp.,*
   167 F. Supp. 2d 692 (D. Del. 2001).................................................................... 8

*In re Certain GPS Devices & Products Containing Same Initial Determination,*
   Inv. No. 337-TA-602, 2008 WL 5051308 (U.S.I.T.C. Aug. 8, 2008)......................... 5

*In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litigation,*
   693 F. Supp. 2d 409 (D. Del. 2010)................................................................... 3

*Jumara v. State Farm Ins. Co.,*
   55 F.3d 873 (3d Cir. 1995)............................................................................... 9

*Kultur Int'l Films Ltd. v. Covent Garden Pioneer, FSP, Ltd.*,
  860 F. Supp. 1055 (D.N.J. 1994) ................................................................. 9

*Mfrs. Hanover Trust Co. v. Palmer Corp.*,
  798 F. Supp. 161 (S.D.N.Y. 1992) ............................................................... 4

*Motorola, Inc. v. Research In Motion Ltd.*,
  No. 08-104-SLR, 2008 WL 3925278 (D. Del. Aug. 26, 2008) ................................. 8

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981) ............................................................................... 2

*Sunds Defibrator, Inc. v. Durametal Corp.*,
  No. 96-483-MMS, 1997 WL 74660 (D. Del. Jan. 31, 1997) .................................... 9

*Synthes USA, LLC v. Spinal Kinetics, Inc.*,
  No. 08-838-SLR, 2009 WL 463977 (D. Del. Feb. 24, 2009) ................................... 8

*Teleconference Sys. v. Procter & Gamble Pharms., Inc.*,
  676 F. Supp. 2d 321 (D. Del. 2009) .............................................................. 9

*Thales Airborne Systems S.A. v. Universal Avionics Systems Corp.*,
  No. Civ. 05-853-SLR, 2006 WL 1749399 (D. Del. June 21, 2006) ........................... 3

## STATUTES & RULES

28 U.S.C. § 1404(a) ............................................................................... *passim*

Fed. R. Civ. P. 7 ................................................................................... 7

Defendant Broadcom Corp. ("Broadcom") respectfully submits this reply in support of its motion (D.I. 6), pursuant to 28 U.S.C. § 1404(a), for an order transferring this case from this District to the United States District Court for the Central District of California, where the parties already have four pending cases involving similar technology, related patents, and the same products.

## I.     INTRODUCTION

CSR demands nothing less than total deference to its choice of forum. It gives *no* reasons why Delaware is more convenient for the parties or witnesses. It does not dispute *any* of Broadcom's assertions of fact. Instead, while failing meaningfully to dispute any public or private interest factor, CSR simply contends that Broadcom's showing is "not enough" to meet its "heavy burden." Opposition Br. (D.I. 16) at 5, 11. But claiming deference and repeating that Broadcom must show that litigation in Delaware would impose a "unique" or "unusual" burden (Opposition Br. at 1, 5, 6, 8) is not enough to oppose a motion to transfer. Plaintiff must rebut Broadcom's arguments *about the legally relevant factors*, not just propose a standard for weighing them. This, it fails to do. And in any event, CSR's choice of forum is entitled to little deference here, given that it itself has no connections to Delaware whatsoever.

CSR's principal arguments relating to the merits of the motion are (1) large companies cannot demonstrate that any district is inconvenient, including this one, and (2) transferring this case would not promote judicial efficiency, despite the fact that a district judge in California is presiding over four related actions and has already invested four years in learning the technologies, the parties, and their disputes. *See* Declaration of S. Calvin Walden (D.I. 9) ("Walden Decl.") ¶ 6. For the reasons stated below, these and other CSR arguments fail to rebut Broadcom's showing that its motion to transfer should be granted, and the case transferred to the Central District of California.

1

## II.    ARGUMENT

As Broadcom demonstrated in its opening brief (D.I. 7), CSR has itself acknowledged that the Honorable James V. Selna is already familiar with the parties and GPS-related technologies, and that assignment of a case involving these parties and technologies to another district judge may result in "duplication of labor."  Opening Br. at 4 (citing Walden Decl. ¶ 22); *see also id.* at 9-11.  Plaintiff could not retract that acknowledgment, and so it argues instead that Broadcom has failed to show sufficient similarity between this case and the "*Santa Ana*" actions described in its opening brief at pages 3-6.  This argument fails, not only because CSR cannot rescind its binding admission, but because (despite CSR's insinuations to the contrary) the patents at issue here are closely related to the patents asserted in the related actions pending in California.

Broadcom also showed that this action has extensive connections with the Central District of California, and no ties to the District of Delaware.  Plaintiff could not dispute these basic facts, and instead argued that the facts presented are not entitled to any weight where, as here, the movant is a large corporation.  But large corporations often prevail on motions to transfer, refuting any notion that they are structurally incapable of demonstrating that the interests of convenience, economy, and justice would be better served by litigating in another forum.

### A.    Plaintiff's Choice Of Forum Is Entitled To Little Deference

The cornerstone of CSR's opposition is judicial deference to its choice of forum, but even this limited point is flawed:  CSR is not entitled to the overwhelming deference that it claims for itself.  A plaintiff's choice of forum is *ordinarily* entitled to deference, not because the plaintiff chose it, but because, "[w]hen the home forum has been chosen, it is reasonable to assume that this choice is convenient." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981).  The

District of Delaware has adopted this principle in connection with its long-established "home turf" doctrine, which provides that a plaintiff's choice of forum is entitled to less deference when it does not sue in the district nearest to its place of residence or principal place of business. *See, e.g., Boram Pharm. Co. v. Life Techs. Corp.*, No. 10-31-HB, 2010 WL 2802727, at *1 (D. Del. July 14, 2010). This District has not abandoned the "home turf" doctrine, and CSR does not argue otherwise.[1]

CSR insinuates—but does not say—that the "home turf" rule should not apply here because its wholly-owned subsidiaries are incorporated in Delaware. *See* Opposition Br. at 7.[2] CSR's argument that non-party subsidiaries should matter is odd in light of its claim that the location of Broadcom's *own employees* "is of absolutely no importance" under 28 U.S.C. § 1404(a). *Id.* at 8. In any event, Plaintiff's suggestion that the Court disregard the corporate form to find contacts with Delaware is undermined by its representation that the SiRF entities have "no interest" in the disputed patents. Declaration of Gregory B. Turetzky (D.I. 17) ¶ 10. To the extent that these subsidiaries matter at all (and by CSR's own representations, they do not), they have stronger contacts with California because they, like CSR, have their headquarters there. And likely because of these contacts, the SiRF entities assigned the patents-in-suit to CSR one day before CSR filed this action, *see* Declaration of Brian A. Sutherland, Ex. 1, in an obvious, but failed attempt to distance this litigation from California and the pending California

---

[1]    CSR's reliance on *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litigation*, 693 F. Supp. 2d 409, 421 (D. Del. 2010), is misplaced. In *Cyclobenzaprine*, a panel of federal judges—the JPML—had already determined that Delaware was an appropriate forum. *See* 693 F. Supp. 2d at 422 ("practicality counsels against transferring these cases to California in light of the recent decision of the MDL Panel to centralize this litigation in Delaware"). In any event, *Cyclobenzaprine* does not address the "home turf" rule. *See id.*

[2]    In *Thales Airborne Systems S.A. v. Universal Avionics Systems Corp.*, No. Civ. 05-853-SLR, 2006 WL 1749399 (D. Del. June 21, 2006), the Court gave no weight whatsoever to the fact that "plaintiff's subsidiary was a Delaware corporation." Opposition Br. at 7. Indeed, the Court expressly noted that "defendant correctly points out that no party has a physical presence in Delaware." *Thales Airborne,* 2006 WL 1749399, at *3.

actions—actions to which the SiRF entities *are* parties, pending in the state in which those entities are physically domiciled. This tactic fails. The "home turf" doctrine clearly applies here, and CSR's choice of forum is entitled to little deference.

**B.     Plaintiff Fails To Rebut Broadcom's Showing That Transfer Of This Case To The Central District Of California Would Promote Judicial Economy**

**1.     Transfer to the Central District of California would preserve judicial resources**

CRS's opposition brief simply ignores the crucial language of its "Notice of Related Proceedings," filed in the Central District of California, which states: "Due to Judge Selna's familiarity with the technology and parties, assignment of the instant action to a different judge *may result in duplication of labor.*" Walden Decl. ¶ 22 (emphasis added). The Notice does not refer only to patents asserted in California (*compare* Opposition Br. at 11), but to "patents in the fields of Global Position Systems ('GPS') and wireless communications technology." Walden Decl. ¶ 22. CSR does not dispute that the patents asserted in this case are "patents in the fields of [GPS] Systems and wireless communications technology." Thus, the conclusion follows that, by CSR's own admission, litigating the patents asserted in this case, in this Court, "may result in duplication of labor." *Id.* Moreover, as CSR recognized in its Notice of Related Proceedings but refuses to acknowledge here, the patents at issue in related proceedings need not be identical to realize efficiencies or avoid duplication of labor by transfer. *See Intel Corp. v. AmberWave Sys. Corp.*, 233 F.R.D. 416, 418 (D. Del. 2005); *Mfrs. Hanover Trust Co. v. Palmer Corp.*, 798 F. Supp. 161, 167 (S.D.N.Y. 1992).[3]

---

[3]     Plaintiff relies on *Fuzzysharp Techs., Inc. v. Nvidia Corp.*, No. 09-872-SLR, 2010 WL 1375409 (D. Del. Apr. 6, 2010), which *granted* defendants' motion to transfer in order "to promote judicial economy, efficiency and fairness." *Id.* at *1. The Court also stated that "[g]enerally, the fact that another court has some familiarity with the technology at issue or the patents-in-suit is not dispositive of a motion to transfer." *Id.* Broadcom does not argue that Judge Selna has "some" familiarity with the technologies at issue, it argues that he has *extensive* familiarity with the technologies at issue, earned over four years of proceedings.

To the extent that something more than CSR's admission is needed, the record reflects that *every one* of the patents-in-suit here is closely related to the patents-in-suit in California. For instance, CSR alleges infringement of U.S. Patent No. 6,775,319 ("the '319 patent"). *See* Compl. ¶¶ 28-33. In *SiRF Technology, Inc. v. Global Locate, Inc.*, 06-cv-01216-JVS-MLG (C.D. Cal.) ("*Santa Ana I*"), Broadcom alleged that SiRF infringed Broadcom's U.S. Patent No. 6,606,346 ("the '346 patent"). In subsequent proceedings before the International Trade Commission, SiRF argued that its '319 patent (the patent asserted in this litigation) anticipated Broadcom's '346 patent. *See In re Certain GPS Devices & Products Containing Same Initial Determination*, Inv. No. 337-TA-602, 2008 WL 5051308, at *31 (U.S.I.T.C. Aug. 8, 2008) (concluding that "the '319 is not prior art to the '346 patent"). Because SiRF argued that the '319 patent asserted in this litigation anticipated the '346 patent asserted in *Santa Ana I*—and thus, according to SiRF, involved each and every element of the claims in the '346 patent—CSR can hardly argue that the '319 patent has no "meaningful substantive relationship" with the '346 patent at issue in California.

The remaining patents-in-suit share close relationships with the patents at issue in front of Judge Selna as well. CSR alleges infringement of U.S. Patent Nos. 6,526,322 ("the '322 patent") and 6,930,634 ("the '634 patent"). *See* Compl. ¶¶ 22-27, 34-39. In *CSR plc v. Broadcom Corp.*, No. 10-cv-01281-JVS-MLG ("*Santa Ana III*"), CSR asserted U.S. Patent No. 5,663,735 ("the '735 patent"). The '735 patent was cited as relevant prior art during the prosecution of both the '634 and '322 patents. *See* U.S. Patent No. 6,526,322 at 2; U.S. Patent No. 6,930,634 at 2 (attached as exhibits to complaint). Similarly, CSR asserted U.S. Patent No. 6,480,150 in *Santa Ana III*. During the prosecution of that patent, the applicant cited U.S. Patent No. 5,897,605— which is at issue in this suit (Compl. ¶¶ 16-21)—as relevant prior art. *See* U.S. Patent No. 6,480,150 at 2 (D.I. 9-6, page 29 of Exhibit B to *Santa Ana III* complaint). Given these

relationships, CSR's assertion that Judge Selna has not "encountered the Patents-in-Suit and the inventions they encompass" (Opposition Br. at 12) is simply incorrect.[4]

### 2. The Central District of California has a strong interest in resolving this dispute

CSR argues that the "local interest" factor does not favor transfer as a matter of law because patent rights are "'national in scope.'" Opposition Br. at 13. To be sure, every district has an interest in enforcing federal patent rights. But that is not the only interest at stake in litigation. A state also has a local interest in adjudicating cases arising within its borders, or that are brought by or against its residents. *See Continental Cas. Co. v. American Home Assur. Co.*, 61 F. Supp. 2d 128, 132 (D. Del. 1999) (granting motion to transfer and finding that "Delaware does not have a strong interest in resolving this suit as none of the events giving rise to this action occurred here, none of the parties is incorporated here or has its principal place of business here"); *cf. Ace Capital v. Varadam Foundation*, 392 F. Supp. 2d 671, 676 (D. Del. 2005) (denying motion to transfer and finding that "Delaware has an interest in litigation regarding companies incorporated within its jurisdiction."). Here, Broadcom showed that California is the state where the allegedly infringing products were designed and developed; where Broadcom is incorporated and its headquarters are located; where the inventors of the allegedly infringing patents apparently reside; and—not coincidentally—where the CSR subsidiaries that owned the patents-in-suit until the day before this suit was filed are located.[5] *See* Opening Br. at 14-16. As a result, California has a compelling interest in resolving this

---

[4]   CSR concedes that time to trial is longer, on average, in the District of Delaware. *See* Opposition Br. at 13. It argues, however, that the difference is only 3.2 months. *See id.* Putting aside CSR's failure to provide documentation for this claim, a decrease of over 10 percent in time-to-trial is by no means "negligible." *Id.* The court congestion factor accordingly weighs in favor of transfer.

[5]   SiRF Technologies, Inc. assigned the patents-in-suit to CSR on October 12, 2010—the day before this suit was filed. *See* Declaration of Brian A. Sutherland, Ex. 1.

dispute. And because CSR is a corporation registered in the United Kingdom with its principal place of business in that country, it can point to no Delaware interest to counter California's interest.

### 3.    The "first-filed" doctrine has no relevance to this motion

CSR invokes the "first-filed" doctrine, *see* Opposition Br. at 14, but that doctrine has no application here.   The first-filed doctrine provides that the district courts have equitable discretion to dismiss an action to avoid duplicative litigation. *See, e.g., E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 977 (3d Cir. 1988) ("The letter and spirit of the first-filed rule . . . are grounded on equitable principles."). Broadcom has not asked the Court to exercise its discretionary power under the first-filed doctrine; it has moved for a change of venue pursuant to 28 U.S.C. § 1404(a). Nor does the "first-filed" doctrine support CSR's opposition to a motion to transfer; again, CSR fails to rebut Broadcom's showing that this case could be litigated more conveniently, efficiently, and economically in the Central District of California.[6]

### C.    Plaintiff Fails To Rebut Broadcom's Showing That The Private Interest Factors Favor Transfer To The Central District Of California

### 1.    Large companies are eligible for relief under Section 1404(a)

Section 1404(a) provides that a district court may transfer a case for "the convenience of parties and witnesses, in the interest of justice."   Whether litigating in the plaintiff's chosen forum would impose a crushing economic burden on the defendant, while relevant, is therefore not the litmus test for analysis under the plain language of the statute. Nevertheless, CSR contends that Broadcom "cannot genuinely base a motion to transfer on the convenience of the

---

[6]    Similarly, CSR's argument that Broadcom's claims asserted in the declaratory judgment action in California should have been brought as counterclaims in Delaware under Rule 13(a)(1) of the Federal Rules of Civil Procedure (Opposition Br. at 14 n.4) is totally irrelevant. Broadcom's motion to transfer venue does not implicate the merits of the California action, and it is not governed by Rule 13(a)(1) because the motion is not a "pleading." *See* Fed. R. Civ. P. 7.

parties" because Broadcom has sufficient resources to defend itself in Delaware. Opposition Br. at 6-7 (citing cases).[7] Broadcom respectfully disagrees; even employees of large companies, who would very likely be required to fly coast-to-coast, can be greatly inconvenienced by travel from California to Delaware, not to speak of non-party witnesses. *See Illumina, Inc. v. Complete Genomics, Inc.*, No. 10-649-RFK, 2010 WL 4818083, at *3 (D. Del. Nov. 9, 2010) ("While it does not appear that litigating in Delaware would impose an undue financial burden on the parties, it is clear that litigating the action in the Northern District of California would minimize the cost and level of disruption on some of the day-to-day business operations caused by trial or other legal proceedings.").

### 2.   The location of witnesses and documents weighs in favor of transfer

The Declaration of Charles R. Abraham (D.I. 8) identifies fourteen likely Broadcom witnesses by name, title, role, and state of residence, and Broadcom's opening brief identifies eight likely non-party witnesses—the inventors—four of whom were listed as California residents on the asserted patents. *See* Opening Br. at 5-6. CSR does not dispute any of this, or identify any other likely witnesses. Instead, it argues that the only relevant fact, with respect to

---

[7]   CSR's cases do not support its opposition. The Court *granted* the motion to transfer in *Motorola, Inc. v. Research In Motion Ltd.*, No. 08-104-SLR, 2008 WL 3925278 (D. Del. Aug. 26, 2008), and *Synthes USA, LLC v. Spinal Kinetics, Inc.*, No. 08-838-SLR, 2009 WL 463977 (D. Del. Feb. 24, 2009). The Court's decision in *Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692 (D. Del. 2001), is distinguishable on numerous grounds. Among others: (1) the parties had been litigating in Delaware for the "past year" and trial was scheduled to commence shortly; (2) Plaintiff was a Delaware corporation; and (3) the patent infringement actions pending in the transferee district were declaratory judgment actions filed by Broadcom. Here, the case is at the very outset and trial is nearly two years away (presently scheduled to commence on November 5, 2012); Plaintiff is not a Delaware corporation and has no connection to Delaware; and *CSR* has sued Broadcom in connection with other GPS-related patents in the Central District of California. In *Cisco Systems Inc. v. GPNE Corp.*, No. 07-671-SLR, 2008 WL 1758866 (D. Del. Apr. 17, 2008), defendant requested transfer on the basis of a clearly inapplicable "first-filed" argument. Broadcom has not argued that any of the four related actions pending in the Central District of California was "first-filed," *see supra* Part II.B.3; rather, it has shown that this case substantially overlaps with them such that transfer would preserve judicial resources.

witnesses, is whether they are unwilling or unable to appear for trial. *See* Opposition Br. at 8-9.

CSR also maintains, inconsistently, that the question of whether the district court can compel

witnesses to appear at trial is irrelevant because the parties can present recorded depositions in

place of live testimony at trial.[8]   *See id.* at 9-10.   Thus, CSR proposes to eliminate the

convenience of the witnesses from the private-interest factor analysis entirely.

But nothing in the statute or the overwhelming majority of cases interpreting the statute

creates such a bright-line rule.[9]   *See* 28 U.S.C. § 1404(a) (authorizing transfer "[f]or the

convenience of parties and *witnesses*" (emphasis added)).  To the contrary, most courts recognize

that the convenience of witnesses is a crucial factor in the analysis. *See, e.g., Illumina, Inc.,*

2010 WL 4818083, at *3 ("The convenience of the parties and witnesses, and the location of

relevant evidence, are the most important factors in the § 1404(a) analysis." (quoting

*Teleconference Sys. v. Procter & Gamble Pharms., Inc.,* 676 F. Supp. 2d 321, 331 (D. Del.

2009))); *Brown ex rel. FoxMeyer Drug Co. v. C.D. Smith Drug Co.,* No. 98-494-SLR, 1999 WL

---

[8]    While some cases necessarily involve the presentation of recorded depositions, they are
hardly a good substitute for live testimony. *See Sunds Defibrator, Inc. v. Durametal Corp.,* No.
96-483-MMS, 1997 WL 74660, at *3 (D. Del. Jan. 31, 1997) (noting that, in the analogous
*forum non conveniens* context, forcing litigants "'to try their cases on deposition, is to create a
condition not satisfactory to court, jury or most litigants'" (quoting *Gulf Oil Corp. v. Gilbert,* 330
U.S. 501, 511 (1947)); *see also Chazen v. Deloitte & Touche, LLP,* 247 F. Supp. 2d 1259, 1268
(N.D. Ala. 2003) (acknowledging "the disadvantage of presenting testimony even by video
deposition and the adverse effect that such a large number of depositions would have on jurors'
attention spans"); *Kultur Int'l Films Ltd. v. Covent Garden Pioneer, FSP, Ltd.,* 860 F. Supp.
1055, 1067 (D.N.J. 1994) (holding that videotaped deposition not adequate substitute for live
testimony).

[9]    In the context of highlighting certain factors discussed in a treatise, the Third Circuit's
opinion in *Jumara v. State Farm Ins. Co.,* 55 F.3d 873 (3d Cir. 1995), states that the "private
interests *have* included … the convenience of the witnesses—but only to the extent that the
witnesses may actually be unavailable for trial in one of the fora." (emphasis added). *Id.* at 879
(citing 15 Charles A. Wright et al., Federal Practice and Procedure § 3851 (3d ed.)). Neither this
excerpt, nor the cases that cite it, can be interpreted to forbid district courts to give weight to the
convenience of the witnesses.  Just a few lines earlier, the Court observed that courts have not
"*limited*" their consideration to the three enumerated factors in § 1404(a) (convenience of parties,
*convenience of witnesses*, or interests of justice)." *Id.* (emphasis added).  And in fact, the
*Jumara* Court actually weighed the "location of the witnesses" in its analysis. *Id.* at 882.

709992, at *6 (D. Del. Aug. 18, 1999) ("forcing individual defendants, as well as the corporate defendant's essential employees, to travel hundreds of miles to testify when there is a local alternative weighs heavily in favor of transfer"). Because Broadcom has made a specific showing that numerous likely witnesses would be inconvenienced by trying this case in Delaware, and CSR has made no showing at all, this factor weighs heavily in favor of transfer. And for those non-party witnesses who reside in the Central District of California, only Broadcom's proposed transferee court could compel them to testify. Delaware, by contrast, does not have subpoena power over any identified likely witness.

## III.   CONCLUSION

For the reasons stated above, Broadcom's motion to transfer this case to the United States District Court for the Central District of California should be granted.

*Of Counsel:*

William F. Lee
Nathan R. Speed
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

David B. Bassett
David A. Manspeizer
Brian A. Sutherland
Nicole E. Feit
Martin Gilmore
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

Dated:  December 8, 2010

*/s/ Stephen M. Ferguson*
Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Stephen M. Ferguson (#5167)
Ferguson@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700
*Attorneys for Defendant Broadcom Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2010, I caused to be served by **electronic mail** copies of the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard D. Kirk                     rkirk@bayardlaw.com
Stephen B. Brauerman          sbrauerman@bayardlaw.com
Bayard P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

I further certify that on December 8, 2010, I caused to be served by **electronic mail** copies of the foregoing document upon the following counsel of record:

Ralph A. Mittelberger         mittelberger.ralph@arentfox.com
Janine A. Carlan               carlan.janine@arentfox.com
Anthony W. Shaw              shaw.anthony@arentfox.com
Juliana Haydoutova            haydoutova.juliana@arentfox.com
Aziz Burgy                       burgy.aziz@arentfox.com
Timothy W. Bucknell          bucknell.timothy@arentfox.com
Demetria A. Buncum          buncum.demetria@arentfox.com
Joshua T. Morris               morris.anthony@arentfox.com
Taniel E. Anderson           anderson.taniel@arentfox.com
Arent Fox LLP
1050 Connecticut Avenue, NW
Washington, DC  20036-5339

                                        /s/ Stephen M. Ferguson
                                        Stephen M. Ferguson (#5167)
                                        ferguson@rlf.com