**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

CSR plc,

Plaintiff,

v.

BROADCOM CORP.,

Defendant.

C.A. No. 10-cv-876-SLR

**OPENING BRIEF
IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Stephen M. Ferguson (#5167)
Ferguson@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
*Attorneys for Defendant Broadcom Corp.*

*Of Counsel:*

William F. Lee
Nathan R. Speed
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

David B. Bassett
David A. Manspeizer
Brian A. Sutherland
Nicole E. Feit
Martin Gilmore
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

Dated: December 8, 2010

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..... ii

I. NATURE AND STATE OF THE PROCEEDINGS ..... 1

II. SUMMARY OF ARGUMENT ..... 1

III. STATEMENT OF FACTS ..... 3

A. CSR's Complaint Alleges General Jurisdiction, But Does Not Allege Specific Jurisdiction, Over Broadcom. ..... 3

B. Broadcom Has No Continuous or Systematic Contacts with Delaware. ..... 4

IV. LEGAL PRINCIPLES ..... 5

V. ARGUMENT ..... 6

A. CSR's Complaint Should be Dismissed Because Broadcom Is Not Subject to General Jurisdiction in Delaware. ..... 6

B. The Exercise of Personal Jurisdiction Over Broadcom Is Inappropriate Given Broadcom's Attenuated Contacts With This Jurisdiction. ..... 10

VI. CONCLUSION ..... 12

## TABLE OF AUTHORITIES

Page(s)

CASES

*Boston Scientific Corp. v. Wall Cardiovascular Techs. LLC*,
647 F. Supp. 2d 358 (D. Del. 2009) ..... 5

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ..... 10, 11

*Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*,
293 F. Supp. 2d 423 (D. Del. 2003) ..... 2, 7, 9

*Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*,
293 F. Supp. 2d 430 (D. Del. 2003) ..... 7

*Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*,
395 F.3d 1315 (Fed. Cir. 2005) ..... 7

*Hansen v. Neumueller GmbH*,
163 F.R.D. 471 (D. Del. 1995) ..... 6

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984) ..... 10

*HMG/Courtland Props., Inc. v. Gray*,
729 A.2d 300 (Del. Ch. 1999) ..... 2, 5, 6

*Intel Corp. v. Broadcom Corp.*,
167 F. Supp. 2d 692 (D. Del. 2001) ..... 9, 10

*Intel Corp. v. Silicon Storage Tech., Inc.*,
20 F. Supp. 2d 690 (D. Del. 1998) ..... 5

*International Shoe Co. v. Washington*,
326 U.S. 310 (1945) ..... 2

*Merck & Co. v. Barr Labs., Inc.*,
179 F. Supp. 2d 368 (D. Del. 2002) ..... *passim*

*Milliken v. Meyer*,
311 U.S. 457 (1940) ..... 2

*Power Integrations, Inc. v. BCD Semiconductor Corp.*,
547 F. Supp. 2d 365 (D. Del. 2008) ..... 5

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
148 F.3d 1355 (Fed. Cir. 1998) ..... 2, 10, 11, 12

*Sears Roebuck & Co. v. Sears plc*,
744 F. Supp. 1289 (D. Del. 1990) ....................5

*Siemens Aktiengesellschaft v. LG Semicon Co.*,
69 F. Supp. 2d 622 (D. Del. 1999).................... *passim*

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*,
735 F.2d 61 (3d Cir. 1984).................... 5

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980).................... 10, 11

STATUTES

28 U.S.C. § 1404(a) .................... 1

10 *Del. C.* § 3104 .................... 1, 3, 4

RULES

Federal Rule of Civil Procedure 12(b)(2) .................... 1

Defendant Broadcom Corp. ("Broadcom") respectfully moves, pursuant to Federal Rule of Civil Procedure 12(b)(2), for an order dismissing Plaintiff CSR plc's ("CSR") complaint.

## I. NATURE AND STATE OF THE PROCEEDINGS

CSR filed a civil action in this Court on October 13, 2010, alleging that Broadcom's products—hardware components for providing Global Positioning System ("GPS") and related wireless capabilities—infringe four of CSR's patents. *See generally* Complaint (D.I. 1). Because there are already four proceedings pending before the same judge in California addressing similar technologies and the same products that are implicated in this action, Broadcom moved to transfer venue pursuant to 28 U.S.C. § 1404(a) on October 28, 2010. (D.I. 6).

## II. SUMMARY OF ARGUMENT

Faced with an Exclusion Order from the International Trade Commission and adverse decisions from the United States District Court for the Central District of California and the Federal Circuit, CSR filed the present suit in Delaware hoping that a different judge would reverse its losing trend. CSR, however, failed to conduct an adequate pre-filing investigation into Broadcom's contacts with this District. Instead, CSR filed a barebones complaint containing conclusory allegations that simply asserts Broadcom is subject to general jurisdiction in this District. These allegations are unfounded. Accordingly, CSR's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

While Delaware's long-arm statute, Delaware Code § 3104(c), permits Delaware courts to exercise both specific and general jurisdiction over foreign defendants, CSR's complaint only alleges general jurisdiction. *See* Compl. ¶ 4. Under established principles of general

jurisdiction, CSR must demonstrate that Broadcom has substantial and continuous contacts with the forum. *See HMG/Courtland Props., Inc. v. Gray*, 729 A.2d 300, 310-11 (Del. Ch. 1999).

Here, however, Broadcom is a California corporation, with its principal place of business in Irvine, California. *See* Declaration of Scott Pomerantz ("Pomerantz Decl.") ¶ 5, filed contemporaneously herewith. It has no offices, facilities, employees or agents located in Delaware, and does not own or lease any property in Delaware. *Id.* ¶ 6. It is neither incorporated in Delaware nor registered to do business here. *Id.* In fact, Broadcom does not even sell the allegedly infringing devices ("the Accused Products") in Delaware. *Id.* ¶ 7. This Court has consistently found that it lacks jurisdiction over defendants in such circumstances. *See, e.g.*, *Merck & Co. v. Barr Labs. Inc.*, 179 F. Supp. 2d 368, 372 (D. Del. 2002) (holding that no general jurisdiction existed where defendant's contacts with the forum were minimal); *Siemens Aktiengesellschaft v. LG Semicon Co.*, 69 F. Supp. 2d 622, 626-27 (D. Del. 1999) (same); *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 293 F. Supp. 2d 423, 429 (D. Del. 2003) (same).

Even if the Court were to conclude that Broadcom is subject to general jurisdiction under Delaware's long-arm statute, the assertion of such jurisdiction would be improper. Exercising jurisdiction over a foreign corporation having such limited contacts with Delaware offends "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *see Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360-61 (Fed. Cir. 1998) (holding that traditional notions of fair play and substantial fairness preclude the assertion of personal jurisdiction over a defendant despite the presence of minimum contacts with the forum).

## III. STATEMENT OF FACTS

### A. CSR's Complaint Alleges General Jurisdiction, But Does Not Allege Specific Jurisdiction, Over Broadcom.

CSR filed its complaint on October 13, 2010, alleging that six Broadcom products infringe four patents owned by CSR. *See* Compl. ¶¶ 16-39. Despite having sued a California corporation in Delaware, CSR's complaint only contains a single paragraph purporting to allege personal jurisdiction. *See* Compl. ¶ 4. While the complaint cites generally to Delaware's long-arm statute, as shown below, its particular allegations trace the exact language of the statute's general jurisdiction provision:

| CSR Complaint | Delaware Code § 3104(c)(4)[1] |
|---|---|
| This Court has personal jurisdiction over Broadcom because, *inter alia*, Broadcom conducts substantial business in this forum, including: (i) ***deriving substantial revenue*** from sales of goods in this District, including significant revenue derived from sales of infringing goods as alleged herein; (ii) ***regularly doing or soliciting business***, including contracting to supply goods and services with businesses and individuals in this District, including goods and services that encompass the infringing goods, as alleged herein; and (iii) ***engaging in other persistent,*** | As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent: . . . (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person ***regularly does or solicits business***, engages in any other ***persistent course of conduct*** in the State or ***derives substantial revenue*** from services, or |

1 "The Delaware Supreme Court has interpreted 3104(c)(4) as a general jurisdiction provision . . . ." *Merck*, 179 F. Supp. 2d at 373.

| | |
|---|---|
| ***systematic, and continuous courses of conduct*** in this District. The courts of Delaware have jurisdiction over Broadcom under 10 *Del. C.* § 3104. | things used or consumed in the State; |

CSR neither cites to the specific jurisdiction provisions of Delaware's long-arm statute, nor alleges facts relevant to specific jurisdiction. Accordingly, CSR's complaint asserts only that Broadcom is subject to general jurisdiction in Delaware.

**B. Broadcom Has No Continuous or Systematic Contacts with Delaware.**

Broadcom, a California corporation with its principal place of business in California, is a "fabless" semiconductor company that outsources the manufacture of its semiconductor products to third-party foundries. The vast majority of Broadcom's semiconductor products, including the Accused Products, are manufactured and sold outside the United States. *See* Pomerantz Decl. at ¶ 7. Broadcom does not sell the Accused Products in Delaware. *See id.* To the extent any Accused Products have been sold in Delaware as components in another company's products, they would have been sold by third parties that purchased the products outside of Delaware. *See id.* Once sold to third parties, Broadcom does not control, and generally has no knowledge of, whether or how any of the Accused Products might be introduced into Delaware. *See id.*

Broadcom's principal place of business is in California. It has no offices in Delaware. *See id.* ¶ 6. It does not own, lease or otherwise possess any real or personal property in Delaware. *Id.* It has no employees in Delaware. *Id.* In fact, Broadcom has no registered agent for service of process in Delaware and is not registered to conduct business in Delaware. *Id.*

## IV. LEGAL PRINCIPLES

CSR bears the burden of demonstrating a basis for this Court's jurisdiction. *Power Integrations, Inc. v. BCD Semiconductor Corp.*, 547 F. Supp. 2d 365, 369 (D. Del. 2008). Establishing personal jurisdiction involves a two-step analysis. *Id.* First, the Court must consider "whether a forum state's long-arm statute permits service of process." *Boston Scientific Corp. v. Wall Cardiovascular Techs. LLC,* 647 F. Supp. 2d 358, 364 (D. Del. 2009). Second, the Court must determine "whether the assertion of personal jurisdiction would violate due process." *Id.* For the first step, the law of the forum state applies; for the second step, the law of the Federal Circuit controls. *See Power Integrations*, 547 F. Supp. 2d at 369 (citing *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994)).

A plaintiff alleging general jurisdiction bears a heavy burden because the standards for finding general jurisdiction under § 3104(c)(4) are "rigorous and require a showing of substantial and continuous activity in Delaware." *HMG/Courtland Props., Inc.*, 729 A.2d at 310-11. Indeed, the Delaware courts have consistently recognized that "cases of general jurisdiction [are] extremely rare." *Intel Corp. v. Silicon Storage Tech., Inc.*, 20 F. Supp. 2d 690, 699 (D. Del. 1998) (citing *Sears Roebuck & Co. v. Sears plc*, 744 F. Supp. 1289, 1304 (D. Del. 1990)).

"A Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings, *i.e.* whether in personam jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence . . . at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction. Once the motion is made, plaintiff must respond with actual proofs, not mere allegations." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). Moreover, when a Rule 12(b)(2) motion is supported by sworn affidavits,

the plaintiff must "controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion." *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 475 (D. Del. 1995).

## V. ARGUMENT

### A. CSR's Complaint Should be Dismissed Because Broadcom Is Not Subject to General Jurisdiction in Delaware.

As discussed above and demonstrated in the attached Declaration of Scott Pomerantz, Broadcom is a California corporation that does not have any offices, facilities, employees or agents located in Delaware. *See* Pomerantz Decl. ¶¶ 5-6. Not only has Broadcom not offered for sale, or sold, the Accused Products in Delaware, it is not registered to do business in Delaware. *Id.* ¶ 7. Simply put, Broadcom does not have the "substantial and continuous" contacts necessary to support general jurisdiction. *HMG/Courtland Props.*, 729 A.2d at 311.

When faced with similar insufficient connections to Delaware, courts in this District have consistently refused to exercise general jurisdiction. In *Siemens*, the plaintiff sued LG Semicon, a large manufacturer of dynamic random access memory ("DRAM"), alleging that LG Semicon's DRAM products infringed several patents. *See* 69 F. Supp. 2d at 623. At the time of suit, LG Semicon was the world's fifth largest DRAM manufacturer with three billion dollars in sales and 6.6 percent of the world DRAM market. *See id.* Like Broadcom, LG Semicon did not sell its DRAM products in Delaware, but rather sold them to original equipment manufacturers ("OEMs") outside of Delaware. *See id.* The plaintiff argued that LG Semicon was subject to general jurisdiction in Delaware because LG Semicon "derives substantial revenue from sales of DRAM chips to other manufacturers who incorporate the DRAM chips into electronic products that are sold in Delaware." *Id.* at 626. The District Court rejected the plaintiff's argument, holding that "LG Semicon's only contact with Delaware is second hand contact from the sale of

DRAM chips to customers who use the chips in electronic devices that are available to Delaware consumers." *Id.* at 627. According to the Court, "any revenue LG Semicon has generated through sales of DRAM chips to customers outside Delaware whose electronic devices are sold in Delaware is too remote and insubstantial to meet the requirements of § 3104(c)(4)." *Id.* Consequently, the plaintiff's complaint was dismissed, just as CSR's should be.

In *Chi Mei Optoelectronics*, the plaintiff sued a Taiwanese company, Chi Mei Optoelectronics ("CMO"), in Delaware alleging, *inter alia*, that CMO was subject to general jurisdiction. 293 F. Supp. 2d at 426. At the time of suit, CMO was the world's third largest maker of LCD modules, with a global market share of 12% and over $1 billion in sales. *Id.* at 425. Like Broadcom, CMO did not sell products in Delaware, but rather sold its LCD modules to OEMs, who in turn incorporated them into products sold in Delaware. *See id.* Also similar to Broadcom, CMO "has no operations in Delaware, no employees who work or reside in Delaware, is not licensed to do business in Delaware, . . . [and] does not own, lease, use or otherwise possess any property in Delaware." *Id.* Noting that cases of general jurisdiction are "rare" and that CMO's sales to OEMs *outside* Delaware were not evidence of sales by CMO *in* Delaware, the Delaware District Court found insufficient proof that CMO derived substantial revenue from Delaware and held that it could not exercise personal jurisdiction over CMO pursuant to Section 3104(c)(4). *See id.* at 429.[2]

---

2 Following the district court's dismissal, the plaintiff moved for reconsideration, arguing that jurisdictional discovery was necessary. *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 293 F. Supp. 2d 430, 432-34 (D. Del. 2003). The district denied the motion, *id.* at 434, and an appeal to the Federal Circuit followed, *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315 (Fed. Cir. 2005). The Federal Circuit ultimately vacated and remanded the district court's denial of jurisdictional discovery, reasoning that, *inter alia*, "allegations in the complaint [and] the evidence submitted by [the plaintiff]," demonstrated that CMO could derive substantial revenues from Delaware sales. *See id.* at 1320. The Court noted, however, that "the question of whether that showing is sufficient for personal jurisdiction presents difficult questions under both Delaware law and the due process clause," *id.*, and remanded the case for jurisdictional discovery, *id.* at 1324.

Finally, in *Merck*, the plaintiff brought suit against a generic drug manufacturer, Barr Laboratories, Inc. ("Barr"), alleging infringement of nine patents. 179 F. Supp. 2d at 370. Like Broadcom, Barr did own or lease any real property in Delaware, did not employ anyone in Delaware, and was not registered to do business in Delaware. *See id.* Unlike Broadcom, however, Barr directly sold products to Delaware customers, deriving almost a million dollars in revenue from such sales over a two year period. *See id.* Barr also had a sales representative who would visit Barr's Delaware customers, and Barr made yearly payments to Delaware Medicaid based on the amount of drugs Barr sold. *See id.* Despite these contacts, the Delaware District Court declined to exercise general jurisdiction over Barr. *See id.* at 373-74. Like the district courts in *Siemens* and *Chi Mei Optoelectronics*, the Court stated that revenue Barr derived from sales to national distributers who resold the drugs in Delaware did not figure into the general jurisdiction analysis. *See id* at 374. Because Barr's direct sales to Delaware constituted only an insignificant portion of Barr's overall revenue, the Court held general jurisdiction was not available. *See id.* at 375.

The similarities between Broadcom and the defendants in *Siemens*, *Chi Mei Optoelectronics* and *Merck* are striking. Just like Broadcom, all the defendants were large foreign corporations who did not employ Delaware residents, own real estate in Delaware, or register to do business in Delaware. Like Broadcom, all the defendants sold products outside of Delaware to OEMs who, without direction from the defendants, incorporated the defendants'

---

The Federal Circuit's decision sheds further light on the inadequacies of CSR's complaint. Unlike CSR, the plaintiff in *Chi Mei Optoelectronics* alleged that CMO was subject to personal jurisdiction under a "stream of commerce" theory and submitted evidence in support of that theory. CSR has done neither. Moreover, even with proper allegations and submitted evidence, the Federal Circuit still found the question of personal jurisdiction "difficult," and remanded for jurisdictional discovery. At most, the Federal Circuit's opinion cautions that jurisdictional discovery should be granted when (unlike here) a plaintiff has supported its allegations with evidence.

products into end-user products that were available to Delaware customers. The Delaware long-arm statute does not authorize the Court to exercise jurisdiction under these circumstances. Indeed, in *Merck*, the Delaware District Court found general jurisdiction lacking even though the defendant derived hundreds of thousands of dollars in revenue from direct sales to Delaware customers. *See* 179 F. Supp. 2d at 375. If such revenue is insufficient to establish general jurisdiction, then Broadcom's attenuated and indirect connections with Delaware also cannot support such jurisdiction.[3]

While the present case is indistinguishable from past cases in which general jurisdiction was found wanting, it *is* distinguishable from this District's decade old decision in *Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692 (D. Del. 2001), which found Broadcom subject to personal jurisdiction in Delaware. In addition to involving a decade old fact-pattern, the *Broadcom* decision involved a plaintiff that, unlike CSR, developed a detailed factual record that supported the assertion of personal jurisdiction. Specifically, Intel demonstrated to the Delaware District Court that Broadcom sold the allegedly infringing product directly in Delaware and had an ongoing business relationship with a Delaware company. *See id.* at 704. Given this factual record (which CSR has not and cannot compile here), the Court determined that Broadcom was subject to *specific* jurisdiction in that particular case. *Id.* It declined, however, to address whether Broadcom was subject to *general* jurisdiction, *see id.*, the only basis for personal

---

3 In *Siemens*, *Chi Mei Optoelectronics* and *Merck*, the Delaware District Court also considered whether the assertion of specific jurisdiction was authorized under the Delaware long-arm statute. In each case, the Court found specific jurisdiction lacking given the defendant's attenuated contacts with Delaware. *See Siemens*, 69 F. Supp. 2d at 625; *Chi Mei Optoelectronic*, 293 F. Supp. 2d at 427-29; *Merck*, 179 F. Supp. 2d at 372-74. Because CSR has only alleged general jurisdiction, Broadcom has not addressed the specific jurisdiction provisions of Delaware's long-arm statute. To the extent CSR contends specific jurisdiction exists, CSR's contention would seem to be legally untenable as well for the reasons discussed in *Siemens*, *Chi Mei Optoelectronics* and *Merck*. Moreover, any such contention would find no factual support in CSR's original complaint, which fails to allege any of the facts necessary to assert specific jurisdiction.

jurisdiction alleged in CSR's complaint. *See id.* Accordingly, the *Broadcom* decision is not only factually and legally distinguishable, it also demonstrates the type of factual record a plaintiff must develop to establish jurisdiction – facts that CSR has not even alleged.

The law in this District is clear. A foreign corporation that lacks substantial and continuous contacts with Delaware is not subject to general jurisdiction. CSR's complaint against Broadcom, crafted without consideration of this District's law, is indistinguishable from the complaints filed in *Siemens*, *Chi Mei Optoelectronics* and *Merck*. Just as those complaints were dismissed for lack of personal jurisdiction, so too should CSR's.

### B. The Exercise of Personal Jurisdiction Over Broadcom Is Inappropriate Given Broadcom's Attenuated Contacts With This Jurisdiction.

CSR cannot meet its burden of demonstrating that Broadcom is subject to general jurisdiction under Delaware's long-arm statute. For that reason alone, the complaint should be dismissed and the Court need not address whether the assertion of personal jurisdiction under the alleged facts of this case comports with due process considerations. *See Siemens*, 69 F. Supp. 2d at 627 (dismissing complaint for failure to satisfy Delaware's long-arm statute and declining to perform due process analysis). If, however, the Court were to conclude that Broadcom is subject to general jurisdiction in Delaware under the State's long-arm statute, it should nevertheless dismiss CSR's complaint under federal law.

The assertion of personal jurisdiction is appropriate under federal law when the defendant has sufficient "minimum contacts" with the forum that it "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). For general jurisdiction to exist, the defendant's contact with the forum must be "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). "'Random,' 'fortuitous,' or 'attenuated' contacts do not count in the minimum contacts calculus." *Red Wing Shoe*, 148 F.3d at 1359 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S.

462, 475 (1985)). Moreover, "contacts resulting from the 'unilateral activity' of others do not count." *Id.* (quoting *Burger King*, 471 U.S. at 475 & n.17).

In *Red Wing Shoe*, the plaintiff alleged personal jurisdiction existed over a foreign corporation because the foreign corporation sent three cease-and-desist letters into the district and had licensees who sold licensed products in the district. *See* 148 F.3d at 1357-58. The district court dismissed the complaint for lack of personal jurisdiction and the Federal Circuit affirmed. *Id.* at 1357. In affirming, the Federal Circuit found that the assertion of jurisdiction over the defendant was inconsistent with fair play and substantial justice. *See id.* at 1360. While the cease-and-desist letters and conduct of the defendant's licensees established "minimum contacts" with the forum, the contacts were too attenuated to fairly subject the defendant to jurisdiction in the foreign forum. *See id.* In addressing whether the activities of the defendant's licensees in the district established personal jurisdiction, the court stated that "doing business with a company that does business in [the forum] is not the same as doing business in [the forum]." *Id.* at 1361. Because the licensees' contacts with the forum were not "constitutionally cognizable," any financial benefits the defendant derived from the licensees was "irrelevant." *Id.* at 1362 (citing *World-Wide Volkswagen*, 444 U.S. at 299). The Federal Circuit expressly rejected the proposition that a defendant should be subject to "nationwide personal jurisdiction if it decides to do business with a company that does business nationwide." *Id.* at 1361.

Relying chiefly on *Red Wing Shoe*, the Delaware District Court in *Merck*, in addition to finding the Delaware long-arm statute unsatisfied, found that any assertion of personal jurisdiction over Barr would not comport with due process. *See* 179 F. Supp. 2d at 374-75. According to the Court, due process was not satisfied because Barr's contacts "with Delaware and its residents are not continuous and systematic." *Id.* at 375. The Court reached this conclusion despite the fact that, unlike Broadcom, Barr derived hundreds of thousands of dollars

in revenue from direct sales into Delaware, was licensed to sell pharmaceutical products in the District, and had an account manager who visited Delaware customers. *Id.*[4]

Broadcom, just like the defendants in *Red Wing Shoe* and *Merck*, does not have continuous and systematic contacts with this forum. Broadcom is a California company that has no offices in Delaware, no employees in Delaware, no registered agent for service of process in Delaware, and is not registered to conduct business in Delaware. *See* Pomerantz Decl. ¶¶ 5-6. Broadcom does not sell the Accused Products in Delaware. *See id.* ¶ 7. That Broadcom's customers may incorporate the Accused Products into end-user products that may be available in Delaware is insufficient to support jurisdiction because the Federal Circuit and this district have determined that such "unilateral" conduct on the part of a third party outside of Broadcom's control is insufficient to support jurisdiction.

## VI. CONCLUSION

For the reasons stated above, Broadcom's motion to dismiss this case for lack of personal jurisdiction should be granted. This case, and these parties, belong in California, where they have four other actions already pending relating to similar technologies and the same products.

---

4 In reaching its conclusion, the Delaware District Court also relied on the fact that a second litigation between the parties was pending in a forum that was more convenient to the parties. *See id.* at 375. The district court further took into account the fact that Delaware had no interest in adjudicating the dispute because "[t]his case does not involve Delaware related claims or Delaware plaintiffs." *Id.* These same factors favor dismissal in this case. As detailed more fully in Broadcom's motion to transfer, the parties are involved in ongoing litigation over similar technology and related patents in California, where Broadcom is unquestionably subject to personal jurisdiction. Additionally, Delaware lacks any connection to this litigation as CSR is not a Delaware plaintiff and its asserted claims are unrelated to Delaware.

/s/ Stephen M. Ferguson
Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Stephen M. Ferguson (#5167)
Ferguson@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
*Attorneys for Defendant Broadcom Corp.*

*Of Counsel:*

William F. Lee
Nathan R. Speed
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

David B. Bassett
David A. Manspeizer
Brian A. Sutherland
Nicole E. Feit
Martin Gilmore
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

Dated: December 8, 2010

**CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2010, I caused to be served by **electronic mail** copies of the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard D. Kirk — rkirk@bayardlaw.com
Stephen B. Brauerman — sbrauerman@bayardlaw.com
Bayard P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

I further certify that on December 8, 2010, I caused to be served by **electronic mail** copies of the foregoing document upon the following counsel of record:

Ralph A. Mittelberger — mittelberger.ralph@arentfox.com
Janine A. Carlan — carlan.janine@arentfox.com
Anthony W. Shaw — shaw.anthony@arentfox.com
Juliana Haydoutova — haydoutova.juliana@arentfox.com
Aziz Burgy — burgy.aziz@arentfox.com
Timothy W. Bucknell — bucknell.timothy@arentfox.com
Demetria A. Buncum — buncum.demetria@arentfox.com
Joshua T. Morris — morris.anthony@arentfox.com
Taniel E. Anderson — anderson.taniel@arentfox.com
Arent Fox LLP
1050 Connecticut Avenue, NW
Washington, DC 20036-5339

*/s/ Stephen M. Ferguson*
Stephen M. Ferguson (#5167)
ferguson@rlf.com